JONES v. LUSTIG.

(City Court of New York, General Term.  January, 1902.)

1. NEW TRIALS—NEWLY DISCOVERED EVIDENCE.
    Where the facts are known at or before the trial, but for some unexplained reason the evidence cannot be obtained in time for the trial, such evidence is not newly discovered.
2. SAME—EFFECT OF EVIDENCE.
    Where, on a motion for new trial on the ground of newly discovered evidence, it is doubtful whether such evidence would affect the result, an order denying the motion will not be reversed.

**3. SAME—INSTRUCTIONS—EXCEPTIONS—EVIDENCE—VERDICT.**

Where there was no exception to the charge, or request for a different submission, and the evidence was conflicting, an order denying a new trial will not be reversed.

Appeal from trial term.

Action by Robert J. Jones against Arnold Lustig. From a judgment for plaintiff, and from an order denying a motion for new trial after verdict, and from an order denying a motion for new trial on the ground of newly discovered evidence, defendant appeals. Affirmed.

Argued before CONLAN, HASCALL, and O'DWYER, JJ.

Leon Lewin, for appellant.
Clarence D. Cruikshank, for respondent.

CONLAN, J. We will dispose of the questions presented on this appeal in their reverse order, and, first, as to the motion for a new trial on the ground of newly discovered evidence and surprise. Newly discovered evidence in no sense means evidence that was known to be in existence, and which, for some unknown or unexplained reason, was not presented at the trial. Even if it were impossible to have secured the evidence, whether by subpœna or under a commission, this does not make it newly discovered, if the facts were known at or before the trial of the action. If offered at a later stage of the case, upon the theory that it was not known at the trial and has since been discovered, a new trial will not be granted if it be doubtful whether the new evidence will affect the result. The granting or refusing of a new trial on this ground is said to be in the discretion of the court, and with the conclusion reached below upon the allegations in support of and against the defendant's contention we are not disposed to interfere. Coming, then, to the appeal in chief, we find in the record a charge to the jury without an exception, and not a single request for a different submission than that made. In addition to all this, it does not appear that the defendant asked for the direction of a verdict, or a dismissal of the complaint. Consequently, therefore, the submission was wholly correct, and, as there was a conflict of evidence, it was peculiarly the province of the jury to determine the same, and such determination finds support in the evidence. Judgment and orders appealed from affirmed, with costs.

Judgment and orders affirmed, with costs. All concur.